# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2013

No. 13-10251
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANNY HARMES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:12-CR-41-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Danny Harmes appeals the 60-month sentence imposed following his guilty plea conviction for making a false statement in acquisition of a firearm. Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). We first consider whether the district court made a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we then review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Harmes contends that the district court's upward variance from the advisory guidelines range of 15 to 21 months was substantively unreasonable. He asserts that the district court placed too much weight on his criminal history and that it improperly reasoned that an above-guidelines sentence should be imposed because he had received lenient sentences of probation on his three convictions of injury to a child.

When, as here, the district court has imposed a sentence that varies from the guidelines range, reasonableness review requires us to evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth at § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). A sentence that is an upward variance from the guidelines range is unreasonable if the district court (1) did not account for a factor that should have received significant weight, (2) gave significant weight to an irrelevant or improper factor, or (3) made a clear error of judgment in balancing the sentencing factors. *Id.* However, a sentence is not unreasonable merely because an appellate court might have concluded that a different sentence would also have been appropriate. *Gall*, 552 U.S. at 51; *United States v. York*, 600 F.3d 347, 361-62 (5th Cir. 2010). The sentencing court is in the best position to find facts and judge their import. *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011).

The record demonstrates that the district court appropriately relied on the sentencing factors of § 3553(a) in determining that an above-guidelines sentence was warranted, including such considerations as Harmes's history and characteristics, the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need to provide adequate deterrence to further criminal conduct, and the need to protect the public from further crimes. Harmes has not shown that the district court abused its discretion in varying upwardly from the guidelines range. *See Gall*, 552 U.S. at 51.

Harmes also contends that the extent of the upward variance was not warranted merely because he had been leniently treated in a prior criminal case. As discussed above, the district court thoroughly explained its sentence in terms of the sentencing factors of § 3553(a). As an appellate court, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* Although the variance from the advisory range is substantial, it is not unreasonable. *See United States v. McElwee*, 646 F.3d 328, 342, 344-45 (5th Cir. 2011); *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Saldana*, 427 F.3d 298, 315-16 (5th Cir. 2005).

AFFIRMED.